LAW OFFICES OF MARK E. MERIN
Mark E. Merin, SBN. 043849
Jeffrey I. Schwarzschild, SBN. 192086
2001 P Street, Suite 100
Sacramento, California  95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

Attorneys for Plaintiffs

—o0o—

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| MARY BULL, JONAH ZERN, and all others similarly situated, | CASE NO: C 03-1840 CRB |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY AND COUNTY OF SAN FRANCISCO; SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT; SAN FRANCISCO COUNTY SHERIFF MICHAEL HENNESSEY, in his individual and official capacity, and SAN FRANCISCO COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 150, | |
| Defendants. | |

PLAINTIFFS ALLEGE:

## INTRODUCTION

This is an action for declaratory and injunctive relief, damages, and punitive damages against the CITY AND COUNTY OF SAN FRANCISCO, its SHERIFF, MICHAEL HENNESSEY, SHERIFF'S DEPARTMENT, and SHERIFF DEPUTIES sued herein by their fictitious names for violations of plaintiffs' constitutional rights resulting from application of the city and county of San Francisco's and the Sheriff's policies, practices, and customs concerning the use of strip searches, visual body cavity searches and "cold rooms" in the San Francisco County Jail.  Plaintiffs seek an

1  order declaring illegal defendants' policy of subjecting detainees in their custody to strip and visual

2  body cavity searches before they are arraigned and without having any reasonable suspicion that the

3  searches will be productive of contraband.

4      Plaintiffs also seek declaratory and injunctive relief, damages, and punitive damages against

5  the defendants for the policy, practice, and custom of placing detainees, naked, in rooms referred to as

6  "cold rooms," without any legitimate purpose, but in order to compel consent to illegal strip searches,

7  to punish persons who question illegal practices, or for other illegal purposes.  These cold rooms are

8  kept bone chillingly cold, lack access to natural light and are devoid of furniture and running water.

9  The cold rooms are constantly illuminated by flourescent lighting and persons confined in them can

10  only sit or lie on the bare floor.  Defendants' use of the "cold rooms" violates Sections 1055 and 1083

11  of Title 15 of the California Code of Regulations which specify that isolation or "safe rooms" which

12  may have legitimate psychological uses cannot be used for punishment and that persons confined

13  therein must be provided with adequate bedding and clothing.

14      Defendants' strip search, visual body cavity search, and cold room policies, practices, and

15  customs violate plaintiffs' rights secured to them by the Fourth and Fourteenth Amendments to the

16  U.S. Constitution and entitle plaintiffs to recover damages under the Federal Civil Rights Act (42

17  U.S.C. § 1983).

18      Additionally, plaintiffs include supplemental claims under California state law against

19  defendants: 1) for violation of California Penal Code § 4030 which prohibits pre-arraignment strip

20  searches of most misdemeanents and provides for minimum damages of $1,000 for each illegal search;

21  2) for wholesale violation of Sections 1055 and 1083 of Section 15 of the California Code of

22  Regulations (promulgated under the authority of California Penal Code § 6030) which describes the

23  very narrow conditions under which a cold room can be used; and, 3) for violation of the Unruh Civil

24  Rights Act (California Civil Code §§ 52 and 52.1(b)) pursuant to which each plaintiff denied a

25  statutory or state or federal Constitutional right is entitled to recover a minimum of $4,000 for each

26  violation.

MARY BULL, et al. v. CITY AND COUNTY OF SAN FRANCISCO, et al.                USDC, Northern District, Case No. _____

COMPLAINT

## JURISDICTION

1.     This action is brought pursuant to 42 USC § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC § 1331 and 1341(3) and (4) and the aforementioned statutory and constitutional provisions.

2.     The court has supplemental jurisdiction over plaintiffs' state claims under 28 USC § 1367(a).

3.     The amount in controversy exceeds $10,000, excluding interest and costs.

## PARTIES

4.     Plaintiffs, including MARY BULL and JONAH ZERN, and all those similarly situated, are, and at all material times herein, were citizens of the United States and residents of the state of California who were arrested within the period beginning three (3) years before February 10, 2003, and continuing to this date, and who were subjected to strip and/or visual body cavity searches at a San Francisco County Jail (hereinafter referred to as the "San Francisco Jail"), prior to being arraigned and/or without the defendants first having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons.

5.     Some plaintiffs, including MARY BULL, were confined by defendants in "cold rooms" at the San Francisco Jail to coerce compliance with illegal orders or for punishment in violation of their state and federal statutory and constitutional rights.

6.     Defendant CITY AND COUNTY OF SAN FRANCISCO SHERIFF MICHAEL HENNESSEY is, and at all material times referred to herein, was the duly elected Sheriff of the city and county of San Francisco, responsible for administering the Jail facilities and for making, overseeing, and implementing the policies, practices, and customs challenged herein relating to the operation of the San Francisco Jail.  He is sued in his individual and official capacities.

7.     Defendants SAN FRANCISCO COUNTY SHERIFF DEPUTIES sued herein by their fictitious names (Does 1 through 150) are all deputies who, as part of their duties at the San Francisco Jails, subjected plaintiffs to pre-arraignment strip and/or visual body cavity searches without first

COMPLAINT

having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons.   Furthermore, Defendants SAN FRANCISCO COUNTY SHERIFF DEPUTIES sued herein by their fictitious names (Does 101 through 150) are all deputies who, as part of their duties at the San Francisco Jail, confined plaintiffs in "cold rooms" to gain compliance with illegal order or to punish plaintiffs.

8.     At all material times mentioned herein, each of the defendants was acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of California, the CITY AND COUNTY OF SAN FRANCISCO and/or the SAN FRANCISCO COUNTY SHERIFF .

9.     Defendant CITY AND COUNTY OF SAN FRANCISCO is, and at all material times referred to herein, was, a division of the state of California, that maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiffs as herein alleged.  Plaintiffs' allegations against the COUNTY are based on acts and omissions of the SHERIFF and his deputies and on acts and omissions of persons who are COUNTY employees, and on the COUNTY's breach of its duty to protect plaintiffs from the wrongful conduct of said persons and employees.

10.     Defendants SAN FRANCISCO COUNTY SHERIFF'S DEPARTMENT and SAN FRANCISCO COUNTY SHERIFF MICHAEL HENNESSEY, in his individual and official capacity, also maintained or permitted an official policy or custom or practice causing or permitting the occurrence of the types of wrongs complained of herein, which wrongs damaged plaintiffs as herein alleged.

11.     Class action plaintiffs are those similarly situated who, during the period beginning three (3) years before February 10, 2003, and continuing to this date, were subjected by defendants to pre-arraignment strip and/or visual body cavity searches without defendants having, and recording in writing, a reasonable suspicion that the searches would be productive of contraband or weapons. Some of the similarly situated plaintiffs were placed by defendants in "cold rooms," in order to

1   compel compliance with illegal orders or as punishment and without defendants meeting the

2   requirements governing the use of such rooms.

3                                     **FACTS**

4        12.     On or about November 18, 2002, plaintiff MARY BULL, along with many others, was

5   arrested at a demonstration on Market Street, in San Francisco and charged with vandalism.  Ms.

6   BULL was taken to the San Francisco Jail, arriving in mid-afternoon.  At approximately 6:00 p.m.,

7   Ms. BULL was taken to an area to be "dressed-in." A Sheriff's deputy (Doe 1) prepared an inventory

8   of Ms. BULL's clothing and directed Ms. BULL to sign three documents, one of which was a consent

9   to strip search which Ms. BULL refused to sign.  Her "dress-in" was terminated, and she was returned

10  to a holding cell and held for a "classification" interview.

11       13.     Three hours later, Ms. BULL  was returned to a dress-in room and again directed to

12  consent to a visual body cavity search. Upon her refusal to consent to the visual body cavity search,

13  Ms. BULL was taken from the "dress-in" area, to the center of the "bull pen" where she was

14  confronted by several officers, male and female, one of whom told her that if she did not voluntarily

15  submit to a visual body cavity search she would be thrown into a cold room, naked, for 24 hours.

16  When Ms. BULL again declined to submit to the visual body cavity search, defendants moved her into

17  the "cold room," where she was subjected to a forcible visual body cavity search by Does 2 through 5.

18       14.     During the search, a male deputy (Doe 2) entered the room and watched as Ms.

19  BULL's clothes were pulled off, three deputies (Does 3 through 5) forced her to lie on her back,

20  naked, bent her legs towards her chest, and visually inspected her genital and rectal areas.  Ms. BULL

21  was then left naked in the "cold room" and the metal door shut.

22       15.     While Ms. BULL was in the "cold room," she was shocked every few minutes by a

23  sheriff's deputy (Does 6 through 10) smashing a baton repeatedly against the door. The smashing of

24  the baton on the unfurnished "cold room's" metal door caused an unbearably loud, nerve-shattering

25  noise, that prevented Ms. BULL from sleeping or resting and caused her to suffer extreme anxiety and

26  emotional distress.

16.   During her time in the "cold room," Ms. BULL was provided with neither clothing for her personal privacy nor with blankets or bedding as for a modicum of comfort.  Ms. BULL is informed and believes, and thereon alleges, that Defendants have a policy, practice, and custom of utilizing confinement in the "cold room" as punishment for non-violent, non-suicidal, and non-destructive detainees who are dubbed "non-compliant" and that such a policy, practice, and custom violates the Constitution and laws of the State of California and the United States of America.

17.   At approximately 9:00 a.m. on November 19, 2002, Ms. BULL was removed from the "cold room," issued some prison clothing, and placed in a holding cell with other detainees.  She was interviewed for release on her own recognizance and taken upstairs where she was again directed to consent to a visual body cavity search by Doe 11.  Again, Ms. BULL is informed and believes, and thereon alleges, that defendants had no reasonable suspicion that a visual body cavity search would result in the discovery of contraband or weapons.

18.   Ms. BULL explained to Doe 11 that the California and United States' Constitutions and the state penal code preclude such strip searches and declined to cooperate.  Ms. BULL was taken into another "cold room," and again subjected to a forcible visual body cavity search by Does 11 through 15.  Ms. BULL was left naked in the "cold room" and later assigned to a cell with approximately eight bunkbeds.   At about 10:00 p.m., more than 30 hours after she was arrested, Ms. BULL was released on her own recognizance having never been arraigned.

19.   On or about January 18, 2003, plaintiff JONAH ZERN was arrested along with others at a peace rally in San Francisco.  Mr. ZERN was taken to the San Francisco Jail where he held for two days before being released on his own recognizance without being arraigned.  Shortly after his arrival at the San Francisco Jail, Mr. ZERN was taken to a curtained off area where a Sheriff's deputy, Doe 16, directed him to remove all his clothes.  The Sheriff's deputy, Doe 16, then conducted a visual body cavity search of Mr. ZERN wherein Mr. ZERN had to bend over, spread his buttocks, and cough.  Mr. ZERN is informed and believes, and thereon alleges, that defendants had no reasonable suspicion

1  that a visual body cavity search would result in the discovery of contraband or weapons. On or about

2  January 23, 2003, the charges filed against Mr. ZERN were dismissed.

3       20.    Within six months of her arrest, plaintiff MARY BULL filed a group government tort

4  claim for herself and for all persons similarly situated (a copy of said claim is attached hereto as

5  <u>Exhibit A</u>, and incorporated herein to the extent relevant by this reference).  Plaintiff BULL's group

6  claim was denied on or about April 7, 2003, allowing the filing of this Complaint.

7       21.    Plaintiffs are informed and believe, and thereon allege, that defendants routinely follow

8  their policy, practice, and custom of subjecting pre-arraignment detainees, including plaintiffs, to strip

9  and visual body cavity searches without having, and recording in writing, a reasonable suspicion that

10  the search will be productive of contraband or weapons.

11       22.    Plaintiffs are further informed and believe, and thereon allege, that defendants routinely

12  follow their policy, practice and custom of confining detainees, including plaintiffs, in "cold rooms" in

13  order to compel compliance with illegal orders or as punishment.

14       23.    Plaintiffs are informed and believe, and thereon allege, that defendants have the ability

15  to identify all such similarly situated plaintiffs, specifically those who, while in defendants' custody, at

16  the San Francisco Jail since February 10, 2000, were subjected to strip searches and/or visual body

17  cavity searches prior to arraignment without defendants first having, and recording, a reasonable

18  suspicion that the searches would be productive of contraband or weapons.

19       24.    Plaintiffs are further informed and believe, and thereon allege, that defendants have the

20  ability to identify all such similarly situated plaintiffs whom defendants confined in "cold rooms"

21  since February 10, 2000, as means to compel compliance with directives or as a punishment.

22       25.    Defendant SHERIFF MICHAEL HENNESSEY is personally responsible for the

23  promulgation and continuation of the strip search policy, practice, and custom pursuant to which some

24  of the plaintiffs herein were subjected to the searches complained of herein.

25  \\\

26  \\\

COMPLAINT

MARY BULL, et al. v. CITY AND COUNTY OF SAN FRANCISCO, et al.             USDC, Northern District, Case No. _____

26.     Defendant SHERIFF MICHAEL HENNESSEY is also personally responsible for the promulgation and continuation of the cold room policy, practice, and custom pursuant to which some of the plaintiffs herein were confined in "cold rooms" as complained of herein.

27.     As a result of being subjected to the searches complained of herein, each of the plaintiffs suffered physical, mental, and emotional distress, invasion of privacy, and violation of due process of law and state and federal statutory and constitutional rights, and is entitled to recover damages according to proof, but, at a minimum, $1,000 as specified in California Penal Code § 4030(p) and $4,000 as specified in California Civil Code § 52 and § 52.1(b).

28.     As a result of being placed in a "cold room" as complained of herein, each of the plaintiffs suffered physical, mental, and emotional distress and violation of due process of law and state and federal statutory and constitutional rights, and is entitled to recover damages according to proof, but, a minimum, $4,000 as specified in California Civil Code § 52 and § 52.1(b).

## CLASS CLAIMS

29.     The strip and visual body cavity searches to which plaintiffs were subjected were performed pursuant to policies, practices, and customs of defendants SHERIFF HENNESSEY, CITY AND COUNTY OF SAN FRANCISCO SHERIFF'S DEPARTMENT, CITY AND COUNTY OF SAN FRANCISCO, and the individual deputies sued herein by the fictitious names 1 through 150 The searches complained of herein were performed without regard to the nature of the alleged offense for which plaintiffs had been arrested, without regard to whether or not plaintiffs were eligible for cite and release under Penal Code § 853.6, without regard to whether or not plaintiffs were eligible for and/or were released on their own recognizance.  Furthermore, the searches complained of herein were performed without defendants having a reasonable belief that the plaintiffs so searched possessed weapons or contraband, or that there existed facts supporting a reasonable belief that the searches would produce contraband, and those facts being articulated and recorded in a supervisor-approved document.

\\\

30.     Defendants' use of the "cold room" to compel compliance from, and/or to punish plaintiffs is in violation of Sections 1055 and 1083 of Title 15 of the California Code of Regulations (promulgated under the authority of California Penal Code section 6030) and the State and Federal Constitutions, in that defendants confine people to "cold rooms" to punish them and/or to compel compliance with directives.  Furthermore, defendants' practice of placing people in the cold room naked is a violation of Section 1055, supra, and of plaintiffs' rights to due process of law.

31.     Plaintiffs bring this action on their own behalf and on behalf of all persons similarly situated pursuant to Rule 23, Federal Rules of Civil Procedure and California Code of Civil Procedure § 382.

32.     The class is defined to include all persons who, in the period from and including February 10, 2000, to the present and continuing until this matter is adjudicated and the practices complained of herein cease, were arrested and subjected to a pre-arraignment strip and/or visual body cavity search at the San Francisco Jail without defendants having, and recording, a reasonable suspicion that the search would be productive of contraband or weapons.

33.     The class also includes all persons during the period from and including February 10, 2000, to the present and continuing until this matter is adjudicated and/or the practices complained of herein cease, whom defendants improperly and unjustifiably confined in a cold room at the San Francisco Jail as a punishment and/or to compel compliance with a directive.

34.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), the members of the class are so numerous that joinder of all members is impractical.  Plaintiffs do not know the exact number of class members.  Plaintiffs are informed and believe, and thereupon allege, that there are more than 100 persons per day who are arrested by defendants and/or in the custody of defendants and subjected to the searches complained of herein as a result of defendants' policy, practice, and custom relating to said searches.  Plaintiffs are informed and believe, and thereupon allege, that defendants improperly and unjustifiably confine more than 10 persons per day in cold rooms as punishment or to

1  compel compliance with directives.  Plaintiffs are informed and believe, and therefore allege, that

2  there are tens of thousands of persons in the proposed class.

3          35.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

4  informed and believe, and thereupon allege, that there are many questions of fact common to the class

5  including, but not limited to: (1) whether defendants routinely subject all persons arrested to visual

6  body cavity searches prior to arraignment if they intend such persons to be housed in a San Francisco

7  County Jail; (2) whether persons are subjected to visual body cavity searches prior to arraignment

8  without there being any reasonable suspicion, based on specific or articulable facts, to believe any

9  particular arrestee has concealed drugs, weapons, and/or contraband in bodily cavities which could be

10 detected by means of a visual body cavity search; (3) whether the visual body cavity searches are

11 conducted in an area of privacy so that the searches cannot be observed by persons not participating in

12 the searches, or whether the visual body cavity searches are conducted in groups and/or in open areas

13 where they may be observed by persons not participating in the searches; and, (4) whether the visual

14 body cavity searches are reasonably related to defendants' penological interest to maintain the security

15 of the jail and whether or not there are less intrusive methods for protecting any such interest.

16         36.     Plaintiffs are also informed and believe, and thereupon allege, that other common

17 questions of fact concern the design, temperature,  upkeep, and use of the "cold rooms," including, but

18 not limited to: (1) whether the "cold rooms" are used to punish persons in defendants' custody; (2)

19 whether defendants properly monitor people placed in the "cold rooms"; (3) whether defendants

20 routinely fail to provide people placed in the "cold rooms" with sufficient clothing to protect those

21 persons' privacy; and, (4) whether defendants routinely fail to provide people confined in the "cold

22 rooms" with bedding.

23         37.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), plaintiffs are

24 informed and believe, and thereupon allege, that there are many questions of law common to the class

25 including, but are not limited to: (1) whether defendants may perform visual body cavity searches on

26 persons prior to their arraignment without reasonable suspicion, based on specific or articulable facts,

to believe any particular inmate has concealed drugs, weapons and/or contraband which would likely

be discovered by a visual body cavity search; (2) whether defendants may perform visual body cavity

searches on persons without first reasonably relating the use of the visual body cavity search to

defendants' penological interest to maintain the security of the jail and determining if there is a less

intrusive method to protect that interest; (3) whether visual body cavity searches may be conducted in

areas where the search can be observed by people not participating in the search without violating

plaintiffs' State and Federal constitutional rights and the protections afforded to plaintiffs under

California Penal Code section 4030; and, (4) whether or not defendants' strip search policy and

procedure is in accordance with the State and/or Federal Constitution.

38.     Plaintiffs are also informed and believe, and thereupon allege, that other common

questions of law concern the nature, conditions, and temperature of the "cold rooms," including, but

not limited to: (1) whether defendants may use the cold rooms in the San Francisco County Jails for

any reasons other than those stated in the Section 1055 of Title 15 of the California Code of

Regulations without violating plaintiffs' State and Federal constitutional rights protected by the Fourth

and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983; (2) whether or

not defendants' "cold room" policies, practices, and customs are in accordance with the Constitution

and laws of the State of California and/or the United States of America; and (3) whether or not

defendants have established and implemented written plans as directed by Section 1050 of Title 15 of

the California Code of Regulations (promulgated in under the authority of California Penal Code

section 6030).

39.     In accordance with Federal Rules of Civil Procedure, Rule 23(a), the claims of the

representative plaintiffs are typical of the class.  Plaintiffs were searched, prior to arraignment, without

reasonable suspicion that a strip or visual body cavity search would produce drugs, weapons or

contraband (and without the facts supporting any such suspicion being articulated in a supervisor-

approved writing), and plaintiff BULL was placed in a "cold room," without sufficient clothing to

protect her privacy, as punishment for her refusal to consent to a visual body cavity search.

1 Representative plaintiffs have the same interests and suffered the same type of injuries as all of the

2 class members.  Plaintiffs' claims arose because of defendants' policy, practice, and custom of

3 subjecting arrestees to strip and/or visual body cavity searches before arraignment without having, and

4 recording in writing, a reasonable suspicion that the search would be productive of contraband or

5 weapons.  Additionally, plaintiff BULL, in accordance with defendants' policy, practice, and custom

6 was improperly and unjustifiably confined in a "cold room" as punishment after defendants used the

7 threat of such confinement unsuccessfully to coerce plaintiff to comply with their directives.

8 Plaintiffs' claims are based upon the same legal theories as the claims of the class members.  Each

9 class member suffered actual damages either as a result of being subjected to a visual body cavity

10 search and/or as a result of being improperly and unjustifiably placed and confined in a "cold room."

11 The actual damages suffered by representative plaintiffs are similar in type and amount to the actual

12 damages suffered by each class member.

13      40.    In accordance with Federal Rules of Civil Procedure, Rule 23(a), the representative

14 plaintiffs will fairly and adequately protect the class interests.  Plaintiffs' interests are consistent with

15 and not antagonistic to the interests of the class.

16      41.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(A), prosecutions of

17 separate actions by individual members of the class would create a risk that inconsistent or varying

18 adjudications with respect to individual members of the class would establish incompatible standards

19 of conduct for the parties opposing the class.

20      42.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(1)(B), prosecutions of

21 separate actions by individual members of the class would create a risk of inconsistent adjudications

22 with respect to individual members of the class which would, as a practical matter, substantially

23 impair or impede the interests of the other members of the class to protect their interests.

24      43.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(2), plaintiffs are

25 informed and believe, and thereupon allege, that defendants have acted on grounds generally

26

MARY BULL, et al. v. CITY AND COUNTY OF SAN FRANCISCO, et al.                               USDC, Northern District, Case No. _____

1 │ applicable to the class, thereby making appropriate the final injunctive or declaratory relief with

2 │ respect to the class as a whole.

3 │     44.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), this class action is

4 │ superior to other available methods for the fair and equitable adjudication of the controversy between

5 │ the parties.  Plaintiffs are informed and believe, and thereupon allege, that the interests of members of

6 │ the class in individually controlling the prosecution of a separate action is low, in that most class

7 │ members would be unable individually to prosecute any action at all.  Plaintiffs are informed and

8 │ believe, and thereupon allege, that the amounts at stake for individuals are so small that separate suits

9 │ would be impracticable.  Plaintiffs are informed and believe, and thereupon allege, that most members

10 │ of the class will not be able to find counsel to represent them.  Plaintiffs are informed and believe, and

11 │ thereupon allege, that it is desirable to concentrate all litigation in one forum because all of the claims

12 │ arise in the same location; i.e., the CITY AND COUNTY OF SAN FRANCISCO.  It will promote

13 │ judicial efficiency to resolve the common questions of law and fact in one forum, rather than in

14 │ multiple courts.

15 │     45.    Plaintiffs do not know the identities of all of the class members.  Plaintiffs are informed

16 │ and believe, and thereupon allege, that the identities of the class members may be ascertained from

17 │ records maintained by the CITY AND COUNTY OF SAN FRANCISCO and defendant SHERIFF

18 │ MICHAEL HENNESSEY and defendant CITY AND COUNTY OF SAN FRANCISCO SHERIFF'S

19 │ DEPARTMENT.  Plaintiffs are informed and believe, and thereupon allege, that defendants' records

20 │ reflect the identities, including addresses and telephone numbers, of the persons who have been held in

21 │ custody in the San Francisco Jails.  Plaintiffs are informed and believe, and thereupon allege, that

22 │ records of, and maintained by defendants reflect who was subject to a strip and/or visual body cavity

23 │ search, when the search occurred, where the search occurred, whether any reasonable suspicion for the

24 │ search existed and was recorded in a supervisor-approved writing, when persons searched were

25 │ arraigned, the charges on which such persons were arrested, whether persons were confined in a "cold

26 │ room," the justification recorded for placing individuals in a "cold room," what articles of clothing

1 and/or bedding, if any, were provided to people placed in "cold rooms," how long individuals

2 remained in a "cold room," and what treatment they received while so confined.  Plaintiffs are

3 informed and believe, and thereupon allege, that all of the foregoing information is contained in

4 defendants' computer system and that the information necessary to identify the class members, by last

5 known addresses, and the dates and reasons for their arrests and/or release from custody, is readily

6 available from said computer system.

7      46.    In accordance with Federal Rules of Civil Procedure, Rule 23(b)(3), class members

8 must be furnished with the best notice practicable under the circumstances, including individual notice

9 to all members who can be identified through reasonable effort.  Plaintiffs are informed and believe,

10 and thereupon allege, that defendants' computer records contain a last known address for class

11 members.  Plaintiffs contemplate that individual notice will be given to class members at such last

12 known address by first class mail.  Plaintiffs contemplate that the notice will inform class members of

13 the following:

14     i.    The pendency of the class action and the issues common to the class;

15     ii.    The nature of the action;

16     iii.    Their right to "opt out" of the action within a given time, in which event they

17     will not be bound by a decision rendered in the class action;

18     iv.    Their right, if they do not "opt out," to be represented by their own counsel and

19     to enter an appearance in the case; otherwise they will be represented by the

20     named class plaintiffs and their counsel; and

21     v.    Their right, if they do not "opt out," to share in any recovery in favor of the

22     class, and conversely to be bound by any judgment on the common issues

23     adverse to the class.

24 \\\

25 \\\

26 \\\

**COUNT ONE**
(Violation of Fourth and Fourteenth Amendments to the U.S. Constitution
on behalf of Plaintiffs and all persons similarly situated)

47.     Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated plaintiffs' rights under the Fourth Amendment to be free from unreasonable searches and seizures, violated said plaintiffs' rights to due process and privacy under the Fourteenth Amendment, and directly and proximately damaged plaintiffs as herein alleged, entitling plaintiffs to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983.

WHEREFORE,  plaintiffs pray for relief as hereunder appears.

**COUNT TWO**
(Violation of the Fourth and Fourteenth Amendments to U.S. Constitution, 42 U.S.C. § 1983,
on behalf of Plaintiffs and all persons similarly situated)

48.     Defendants' policies, practices, and customs regarding their use of "cold rooms" as complained of herein violated plaintiffs' Fourth Amendment right to be free from unreasonable searches and seizures and plaintiffs' rights to due process under the Fourteenth Amendment, and directly and proximately damaged plaintiffs as herein alleged, entitling plaintiffs to recover damages for said constitutional violations pursuant to 42 U.S.C. § 1983, in addition to other damages.

WHEREFORE, plaintiffs pray for relief as hereunder appears.

**COUNT THREE**
(California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,
on behalf of Plaintiffs and all persons similarly situated)

49.     Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated plaintiffs' rights to privacy as secured by Article I, Section 1 of the California Constitution and directly and proximately damaged plaintiffs as herein alleged, entitling said plaintiffs to recover a minimum of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, plaintiffs pray for relief as hereunder appears.

\\\

\\\

**COUNT FOUR**
(Violation of California Penal Code § 4030,
California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,
on behalf of Plaintiffs and all persons similarly situated)

50.     Defendants' policies, practices, and customs regarding the strip and visual body cavity searches complained of herein violated rights secured to plaintiffs under California Penal Code § 4030 and directly and proximately damaged plaintiffs as herein alleged, entitling said plaintiffs to recover a minimum of $1,000 each pursuant to California Penal Code § 4030(p), and to further minimum damages of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, plaintiffs pray for relief as hereunder appears.

**COUNT FIVE**
(California State Unruh Civil Rights Act, Civil Code §§ 52 and 52.1,
on behalf of all plaintiffs similarly situated)

51.     Defendants' policies, practices, and customs regarding their use of "cold rooms" as complained of herein has violated plaintiffs' rights to due process of law and freedom from unreasonable searches and seizures as secured by the California Sate Constitution, Article I, Section 24, and directly and proximately damaged plaintiffs as herein alleged, entitling each said plaintiff to recover a minimum of $4,000 each pursuant to California Civil Code § 52.1 and § 52, in addition to other damages.

WHEREFORE, plaintiffs pray relief as hereunder appears.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs seek judgment as follows:

1.     For declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently, defendants' policies, practices, and customs of subjecting pre-arraignment detainees to strip and visual body cavity searches without having a reasonable suspicion that such searches would be productive of contraband or weapons and of using the "cold rooms" to compel compliance or to punish detainees.

1    2.    Certification of the action as a class action;

2    3.    For compensatory, general, and special damages for each representative and for each

3    member of the class of plaintiffs, as against all defendants;

4    4.    Exemplary damages as against each of the individual defendants in an amount

5    sufficient to deter and to make an example of those defendants;

6    5.    In addition to compensatory and statutory damages as allowed by law, at least $4,000

7    for each plaintiff pursuant to California Civil Code § 52.1 and § 52;

8    6.    Attorneys' fees and costs under 42 U.S.C. § 1988, California Civil Code § 52(b)(3),

9    California Civil Code § 52.1(h), and California Code of Civil Procedure § 1021.5; and

10    7.    The cost of this suit and such other relief as the court finds just and proper.

11    A JURY TRIAL IS HEREBY DEMANDED.

12    DATED:  June 5, 2003                    Respectfully submitted,

13                                            LAW OFFICE OF MARK E. MERIN

14

15                                            BY:_____
16                                                 Mark E. Merin
                                                   Attorney for Plaintiffs
17    S:\WpWork\Strip Search Cases\SF Claim\Pleadings\Fed CA Complaint.FINAL.wpd

18

19

20

21

22

23

24

25

26

MARY BULL, et al. v. CITY AND COUNTY OF SAN FRANCISCO, et al.                              USDC, Northern District, Case No. _____

COMPLAINT

F:\WPWORK\MCNULTY\PLEADING\COMPLAIN.DOC